DAILY *v.* HARGESHEIMER ET AL.

[No 15,005. Filed April 13, 1937. Rehearing denied June 16, 1937.]

*Thomas A. Daily, Wilson S. Daily, John H. Daily, Harry C. Meloy,* and *Tremain & Turner,* for appellant.

*William M. Turner,* and *John E. Osborn,* for appellees.

KIME, J.—Appellant, plaintiff below, brought suit against appellees, defendants below, by a complaint in one paragraph, alleging that said defendants illegally, unlawfully, and tortiously converted certain live stock belonging to plaintiff and prayed for damages in the sum of $1050.00. Defendants answered in two paragraphs, (1) general denial, and (2) setting up a partnership relationship between defendant Euler and plaintiff; that Euler was also manager and was authorized to buy and sell partnership property; that defendant Hargesheimer had theretofore, at various times, purchased partnership property from Euler and that plaintiff at no time made any objection or notified said Hargesheimer that said Euler had no authority to sell and dispose of the partnership property as one of the co-partners and manager of said partnership. To defendants' answer plaintiff replied in general denial. On the issues thus joined the cause was tried by the court, who, on proper request, made a special finding of facts and concluded as follows: "Upon the foregoing finding of facts, the court states its conclusions of law as follows: The law is with the defendants that said defendants did not or either of them, unlawfully or without right convert any part of said property, to their or his own use, and that plaintiff is not entitled to recover herein."

The court then entered judgment that plaintiff take nothing by his action herein and that defendants recover from the plaintiff their costs. Plaintiff's motion for new

trial containing the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law was overruled and this appeal followed, assigning as error that the court erred in overruling plaintiff's motion for a new trial and that the court erred in each of its conclusions of law stated on the special finding of facts.

The appellant in his complaint alleged that he was the owner of three heifers, six sows, and eighteen sheep which the defendants had converted to their own use. The special finidng of facts shows that the appellant and the appellee Euler had entered into a contract relative to the tenancy of the appellant's farm; that they were to share in equal portions the increase of the live-stock raised on the farm; that Euler was thereafter allowed to sell such increase and did sell the same apparently with the authority of the appellant, and that it was in the exercise of such apparent authority that he sold to appellee Hargesheimer the live-stock mentioned in the complaint. The appellant contends that at least part of the live stock alleged to have been converted belonged to him solely and that appellee Euler had no interest therein, but there is evidence from which the court was warranted in finding, as he did, that this was the joint property of the two men and the increase of the original stock. Thus there was sufficient evidence to sustain the decision of the court and the decision was not contrary to law.

The conclusions of law were correct upon the facts found specially and the court did not err in stating these conclusions.

There being no reversible error the judgment of the Decatur Circuit Court is in all things affirmed.