STATE EX REL. DAILY *v.* KIME ET AL.

[Nos. 26,894 and 26,895.   Filed November 23, 1937.]

*Daily, Daily & Daily,* for relator.

*Omer S. Jackson,* Attorney-General, and *A. J. Stevenson,* Assistant Attorney-General, for respondents.

FANSLER, J.—These are original actions in which the

relator seeks a mandate against the judges of the Appellate Court of Indiana, "directing them to give an opinion in writing of the material questions properly assigned and presented in the appellant's brief," in two cases in which the relator was plaintiff, *Thomas A. Daily* v. *Frank Hargesheimer et al.* (1937), 103 Ind. App. 548, 7 N. E. (2d) 521, and *Thomas A. Daily* v. *William T. Gaskill et al.* (1937), 103 Ind. App. 551, 7 N. E. (2d) 541. Upon filing of the petitions, alternative writs of mandate issued.

The theory of the petitions is that, upon a showing that questions were duly and sufficiently presented to the Appellate Court, upon errors duly and sufficiently assigned, which were not decided by the Appellate Court in its written opinion, this court will mandate the Appellate Court to decide those questions.

But, in order to present the legal questions involved, it must be made to affirmatively appear that questions were duly and sufficiently presented for consideration which were not decided by the Appellate Court.

It is recited in the petitions that the cases were properly briefed, that the transcript contained a full, true, and complete copy of the record, including bills of exceptions, that the errors relied upon for reversal were set forth on pages 4 and 5 of appellant's brief in each cause, that each of said errors were duly presented and argued in the briefs, supported by propositions and authorities, and that the opinions failed to decide the material points raised in the assignments of errors and the briefs. But the facts from which this court can determine whether these assertions are true are not brought forward, and the particular questions which are alleged to have been presented are not disclosed, nor are the facts brought forward to show that they were properly presented so as to require consideration.

Since it is not made to appear that a state of facts exists which calls for a determination of the legal questions involved, no question is presented for decision.

The alternative writs heretofore issued are vacated, and the petitions are denied.